**Ovid DEMARIS, Plaintiff,**

v.

**G. P. PUTNAM'S SONS, a New York corporation, Defendant.**

**No. 72–1434–AAH.**

United States District Court, C. D. California.

July 18, 1973.

Simon, Sheridan, Murphy, Thornton & Hinerfeld, Los Angeles, Cal., for plaintiff.

Aaronson, Weil & Friedman, Los Angeles, Cal., for defendant.

## MEMORANDUM DECISION FINDINGS OF FACT CONCLUSIONS OF LAW AND ORDER FOR JUDGMENT

HAUK, District Judge.

The above matter having come on for trial before the Court in a non-jury case, both sides having waived jury on June 19, 1973, and trial having ended and been completed on June 30, 1973, and after considering the written and oral arguments the Court finds that the Plaintiff is entitled to Judgment in the sum of $33,000, less Judgment on counterclaim for Defendant in the sum of $15,000, or a Judgment balance in the sum of $18,000 after deducting the counterclaim Judgment, based upon the following findings and conclusions of law:

(1) While the Plaintiff's testimony indicated that on the book *Overlord*, and in accordance with the agreement of November 11, 1970, the Plaintiff's profit on hardback sales would have amounted to $21,000, the Defendant's testimony indicated it would only be $7,500; similarly the Plaintiff's testimony indicated the paperback profits for the Plaintiff at $37,500, while the Defendant's testimony showed $10,000. These figures are, of course, in addition to the $10,000 already advanced by Defendant to Plaintiff on this book. Since the Court finds that a complete manuscript of *Overlord* "satisfactory to the Publishers" had been delivered, Plaintiff is entitled to a Judgment. Therefore, on *Overlord* we have a Plaintiff's estimate of $58,500 and a Defendant's estimate of $17,500, in view of the findings that the Plaintiff did furnish to the Defendant a manuscript of the *Overlord* book "satisfactory to the Publishers." After deductions for the $7,500 of earnings on *Overlord* eventually received by Plaintiff from

New American Library, and in the required mitigation of damages, the figures for *Overlord,* based upon the respective expert testimony offered by the parties, are:

Plaintiff's estimate—$51,000 damages for Plaintiff

Defendant's estimate—$10,000 damages for Plaintiff.

(2) Turning to the *Hoover* book, and in accordance with the agreement of November 11, 1970, the Court finds that Plaintiff was entitled to $10,000 "upon demonstration to Publisher of satisfactory progress" on the *Hoover* book in addition to the $5,000 he had been advanced. Subtracting the earnings on the *Hoover* book that Plaintiff received from Farrar, Straus and Giroux of $5,000 in the required mitigation of damages, leaves a profit to the Plaintiff of $5,000, according to the Plaintiff's expert testimony on the *Hoover* book.

Of course, Defendant claims that Plaintiff never did make "demonstration to Publisher of satisfactory progress" on the *Hoover* book, but the Court finds that Defendant denied to Plaintiff the opportunity to do so, and therefore makes the award of $10,000 under the contract dated November 11, 1970, with

the result that we have a Plaintiff's estimate of lost profits on the *Hoover* book of $5,000, after deducting the $5,000 earnings on the book eventually received by Plaintiff from Farrar, Straus and Giroux; and a Defendant's estimate of lost profits of zero dollars.

■ (3) Turning now to the *Hughes* book, the Plaintiff received an advance of $10,000, but claims he is entitled to another $5,000 for furnishing a manuscript "satisfactory to the Publishers" under the February 9, 1971, Agreement. The Court finds that the Plaintiff is not entitled to this additional payment because the Plaintiff never did supply the Defendant with a manuscript "satisfactory to the Publishers." This is true particularly in the light of legal opinions sought and received by the Defendant from a reputable law firm that Plaintiff's manuscript would put Defendant in grave danger of suits for invasion of privacy and litigation for violation of common law copyright. We also take judicial notice of the fact that at about this time the spurious "Autobiography" of Hughes written by Clifford Irving was a popular item of press notoriety. So here both estimates of Plaintiff's damages are the same, to wit, nothing:

Plaintiff—   –0–
Defendant—  –0–

(4) Now adding these two sets of varying figures we have the following:

Plaintiff Estimate of Plaintiff's Damages:

$51,000 for *Overlord*
  5,000 for *Hoover*
   –0–  for *Hughes*
Totalling   $56,000

Defendant Estimate of Plaintiff's Damages:

$10,000 for *Overlord*
  –0–  for *Hoover*
  –0–  for *Hughes*
Totalling   $10,000

■ (5) The Court further finds and concludes as a matter of law that it is just and fair to take the midpoint between the respective expert witnesses

for Plaintiff with their estimates, and the expert witnesses for Defendant with their estimates, that is a midpoint figure between $56,000 on the Plaintiff's side and $10,000 on the Defendant's side. In doing so, we arrive at the figure of $33,000 which Plaintiff should receive in damages; *less, however,* the amount of the counterclaim of $15,000 which the Court finds and concludes as a matter of law that Defendant is entitled to recover from Plaintiff by reason of the agreement of January 31, 1972, which was authorized by Plaintiff to be entered into on his behalf by Plaintiff's agent, Scott Meredith Literary Agency, with Defendant whereby in exchange for return of the three manuscripts of *Overlord,* the *Hoover* book and the *Hughes* book to Plaintiff and his literary agent, Defendant would be entitled to be repaid the sum of $15,000 which is, of course, $10,000 less than the advances which had been made by Defendant to Plaintiff under the contracts of November 11, 1970 and February 9, 1971.

(6) By reason of the foregoing the Court further finds and concludes as a matter of law that, subtracting this amount of $15,000 from the figure of $33,000 results in the sum of $18,000 which is the amount Plaintiff shall receive as Judgment after awarding Judgment on the counterclaim to Defendant.

(7) The Court further finds and concludes as a matter of law that any claimed or estimated damages in favor of Plaintiff for loss of foreign rights, for loss of sale of subsidiary rights, such as radio, motion pictures, television, and for any other loss sustained by Plaintiff are too speculative and uncertain to be awarded here.

Now, therefore, upon the aforesaid findings of fact, and conclusions of law, the Court orders judgment entered as follows:

1. That Plaintiff have and recover from Defendant as damages the sum of $33,000.

2. That Defendant have and recover from Plaintiff the sum of $15,000 on the counterclaim.

3. That, therefore, Plaintiff ultimately have and recover from Defendant the sum of $18,000.

4. That each side shall pay its own attorneys fees.

5. That Plaintiff shall have and recover from Defendant his costs of suit incurred herein which are hereby taxed in the sum of $_____.

Counsel for Plaintiff shall prepare, serve and lodge appropriate proposed Findings of Fact, Conclusions of Law and separate Judgment in accordance with the above and pursuant to Local Rule 7. If counsel for Plaintiff is satisfied with the findings and conclusions set forth above, that will be sufficient and then counsel for Plaintiff shall prepare, serve and lodge a separate Judgment as so ordered above.

The Clerk of the Court is directed to serve a copy of the within Memorandum Decision, Findings of Fact Conclusions of Law and Order for Judgment upon the parties to this action by mailing the same to their respective counsel forthwith.